BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

CHRISTOPHER D. VIEIRA (CABN 273781)
Special Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5061
FAX: (408) 535-5066
Email: christopher.vieira@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARIO CESAR CARDENAS, <br><br> Defendant. | Case No. CR 17-00059 BLF <br><br> [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT MARIO CESAR CARDENAS |

The defendant, Mario Cesar Cardenas, came before the Court on June 16, 2017, for a detention hearing. The defendant was present and represented by his counsel, Assistant Federal Public Defender Rita Bosworth, and assisted by a Spanish-language interpreter. Special Assistant United States Attorney Christopher Vieira represented the United States.

The government requested detention, submitting that no condition or combination of conditions would assure the defendant's appearance at future proceedings. Pretrial Services submitted a report recommending detention on the basis that the defendant is a flight risk.

[PROPOSED] DETENTION ORDER
NO. CR 17-00059 BLF                                1

Upon consideration of the Pretrial Services report, the court file, and the party proffers as discussed below, the Court finds on the present record by a preponderance of the evidence that no condition or combination of conditions would assure the defendant's future appearance. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Mario Cesar Cardenas is charged in an indictment with a violation of Title 8, United States Code, Section 1326(a) — Illegal Reentry of Removed Alien.

The Pretrial Services report reflected the following facts:

- The defendant is not a United States citizen.
- The defendant has two parents, two sisters, and one daughter who live in Honduras.
- The defendant's wife, four adult children, and one minor child live in the Northern District of California. However, the defendant and his wife are separated, and the defendant has not had any contact with his wife or children since a domestic violence incident on October 11, 2016.
- The defendant may possess a valid Honduran passport.
- The defendant reported having no assets and no present employment.

- The defendant does not have a permanent address. If the defendant is placed on pretrial release, he will be able to stay with a friend, but only temporarily.
- The defendant's criminal history report reflects two 2003 convictions for violating California Penal Code section 288(c)(2) – Lewd and Lascivious with a Dependent Adult by a Caretaker and one 2003 conviction for violating California Penal Code section 288a(g) – Oral Copulation: Victim Incapable of Giving Consent.
- The defendant's criminal history report reflects a 2016 arrest for an alleged felony violation of California Penal Code section 273.5(a) – Inflict Corporal Injury on Spouse/Co-Habitant.
- The defendant has two active warrants in Santa Clara County.
- After his arrest in February 2017, the defendant applied for, and was denied, asylum in the United States.
- The defendant has an active warrant for removal from the United States.

The defendant did not proffer that Pretrial Services' reported facts were inaccurate.

In considering all of the facts and proffers presented at the hearing, on the present record the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance as required: First, the defendant does not have United States citizenship, he is illegally present in the United States, and he has current ties to Honduras. Second, the defendant has a pending felony criminal matter in Santa Clara County Superior Court. Third, the defendant's asylum application was recently rejected, and his removal from the United States is pending. Fourth, the defendant has no assets, is not employed, and does not have a permanent place to live.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: June 19, 2017

_____
HON. HOWARD R. LLOYD
United States Magistrate Judge